**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2417
_____

JOSE JEREMIAS PEREZ-DIAZ
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A215-928-187)
Immigration Judge: Alice Song Hartye

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2021
Before: MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed: January 5, 2022)
_____

OPINION[*]
_____

PER CURIAM

Jose Jeremias Perez-Diaz, proceeding pro se, petitions for review of an order of

the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). For the reasons that follow, we will deny the petition for review.

In 2014, Perez-Diaz, a citizen of El Salvador, entered the United States without inspection. In 2019, after he was arrested and convicted of simple assault and endangering the welfare of a child, the Department of Homeland Security charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Perez-Diaz admitted the allegations against him and conceded removability. He filed an application for asylum, withholding, and CAT relief.

The IJ denied all relief after a hearing at which Perez-Diaz testified about three encounters he and his brother had with a group of individuals whom he believed to be in a gang. The individuals asked them to transport a package, threatened and intimidated them when they refused, and ultimately beat them until they lost consciousness during their final encounter. When they woke up, the individuals were gone. Perez-Diaz went home, and his brother left for his father's home, but disappeared on the way, never to be seen again. Perez-Diaz did not report the incident to the police because the individuals had told him not to contact the police.

The IJ denied all relief. Although she found Perez-Diaz's testimony to have been credible, she ruled that Perez-Diaz had not sustained his burden as to any of his claims. The BIA affirmed and dismissed the appeal. As relevant, the agency concluded that

Perez-Diaz's proposed social group was victims of criminal gang recruitment and retribution, and the agency ruled that such a group is not cognizable for purposes of Perez-Diaz's asylum and withholding claims.[1]  Furthermore, the agency ruled that Perez-Diaz's claim for CAT relief failed because the past harm he suffered was not at the instigation of a public official or a person acting in his official capacity, because he had never had any issues with public officials or the police in El Salvador, and because he had not proven that it was more likely than not that he will be tortured if returned to El Salvador.[2]

When the BIA issues its own opinion, as it did here, "we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it."  Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010) (citation omitted).  We review the agency's findings of fact for substantial evidence, considering whether the findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998) (internal quotation marks and citation omitted).  The decision must be affirmed "unless the evidence not only supports a

---

[1] The IJ concluded that the asylum application was untimely because it was not filed within a year of entry, but the BIA declined to reach the timeliness of the asylum application, instead concluding that it failed on the merits.

[2] In his brief, Perez-Diaz now asserts that the gang members wanted him to become a hit man for them. He did not raise this allegation before the agency; thus, it is unexhausted, and we do not consider it. See Lin v. Att'y Gen., 543 F.3d 114, 119-20 (3d Cir. 2008); see also 8 U.S.C. § 1252(b)(4)(A) (providing that a court of appeals shall decide a petition for review "only on the administrative record on which the order of removal is based").

3

contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal quotation marks and citation omitted).

To make out a prima facie case for asylum, Perez-Diaz must show that he was persecuted, or has a well-founded fear of persecution, "on account" of a statutorily protected ground, including "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13. To be cognizable, a particular social group must be "'(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" S.E.R.L. v. Att'y Gen., 894 F.3d 535, 540 (3d Cir. 2018) (quoting In re M-E-V-G-, 26 I. & N. Dec. 227, 237 (BIA 2014)).[3]

The agency did not err in holding that the group "victims of criminal gang recruitment and retribution" did not meet the particularity requirement to be a cognizable social group because it was overbroad and did not exist independently of the harm suffered and feared. See S.E.R.L., 894 F.3d at 552 (3d Cir. 2018) (explaining that "particularity" standard requires the group to have "discrete and definable boundaries that are not amorphous, overbroad, diffuse, or subjective") (internal quotation marks, citation, and alteration omitted); Lukwago v. Ashcroft, 329 F.3d 157, 172 (3d Cir. 2003) (holding that, in assessing a claim of past persecution, a particular social group "must exist

---

[3] The determination of whether a proffered particular social group exists is a mixed question of law and fact. S.E.R.L., 894 F.3d at 542-43. We exercise plenary review over "the ultimate legal question" as to whether a particular social group exists and review for substantial evidence the underlying factual findings. Id. at 543.

independently of the persecution suffered by the applicant for asylum," and that the particular social group "must have existed before the persecution began"); cf. Guzman Orellana v. Att'y Gen., 956 F.3d 171, 178 (3d Cir. 2020) (recognizing a particular social group comprising persons "who publicly provide assistance to law enforcement against major Salvadoran gangs"). Furthermore, because Perez-Diaz failed to meet his burden for establishing an entitlement to asylum, he also failed to establish the higher burden required for withholding of removal. See Lukwago, 329 F.3d at 182.

To succeed on his CAT claim, Perez-Diaz had to establish that he is "more likely than not" to be tortured "by or at the instigation of or with the consent or acquiescence of" a Salvadorian public official. 8 C.F.R. § 1208.16(c)(2); § 1208.18(a)(1); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). The agency correctly concluded that the harm Perez-Diaz had suffered did not rise to the level of torture because it was not at the instigation of a public official or a person acting in his official capacity, and because he had never had any issues with public officials or the police in El Salvador. Furthermore, the agency correctly concluded that Perez-Diaz had not proven, with record evidence, that it was more likely than not that he will be tortured if returned to El Salvador, particularly because no members of his family had had any issues (since his brother's disappearance and his departure).

Accordingly, we will deny the petition for review.